UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE,<br><br>    Plaintiff,<br><br> vs.<br><br>BULLSEYE AUTOMOTIVE PRODUCTS INC.,<br>BULLSEYE LUBRICANTS INC., and<br>CARLOS SILVA,<br><br>    Defendants. | Case No. 1:13-cv-01112-TWP-DML |

## Order on Plaintiff's Motion for Protective Order

This matter is before the court on a motion for protective order by plaintiff American Petroleum Institute ("API") that addresses discovery disputes related to an upcoming hearing on API's motion for preliminary injunction. (Dkt. 52). The hearing is set for April 10, 2014. This order on the parties' discovery disputes is confined to the preliminary injunction context.

The court first describes the nature of the claims in this litigation and the preliminary injunctive relief sought by API. It will then provide a ruling on each discovery dispute.

### Nature of the Claims and Preliminary Injunctive Relief

Plaintiff American Petroleum Institute ("API") is a trade association for the petroleum and natural gas industry. (Complaint, ¶ 5). For many years, it has

published engine oil standards for passenger vehicle engines and heavy-duty diesel engines. (*Id.*, ¶ 11). It also operates a program under which it permits engine oil marketers whose products are properly tested and certified to claim that their oils meet certain API performance standards and to affix certain trademarks to their engine oil products. (*See id.* at ¶¶ 12-17). The marks include (a) marks with a starburst design and that bear the words "American Petroleum Institute" and "Certified," *id.* ¶¶ 18-21, and (b) marks with a donut design designating engine oils certified for certain motor vehicles, *id.,* ¶¶ 22-25.

Defendants Bullseye Automotive Products, Inc. and Bullseye Lubricants, Inc. are the same company and defendant Carlos Silva is its president. (*Id.*, ¶¶ 6-7). The court refers to them collectively as "Bullseye." API alleges that Bullseye produces or markets or sells motor engine oil and has affixed labels to its motor oils to make it appear that the oils have been certified by API even though the oils do not meet API's standards. API has sued Bullseye for trademark infringement, trademark counterfeiting, trademark dilution, false advertising, and unfair competition under the Lanham Act. It also brings Indiana state law claims.

API seeks a preliminary injunction that (a) enjoins Bullseye from using labeling on its products that infringe API's marks, are confusingly similar to API's marks, or otherwise suggest that Bullseye's products meet API's standards and (b) prohibits Bullseye "temporarily" from producing any engine oil "until it has shown that the engine oils can be accurately labeled as safe for use in automobiles that are currently on the nation's roads." (*See* Motion for Preliminary Injunction, Dkt. 20).

One defense Bullseye intends to raise at the preliminary injunction hearing is that API has misused its trademarks in violation of the antitrust laws, and that such misuse should prevent API from enforcing its marks. Bullseye contends that this defense is available under Section 33(b)(7) of the Lanham Act, 15 U.S.C. § 1115(b)(7). Bullseye's theory is that API has used, and is using, its trademark rights to coerce some manufacturers and sellers of motor oils to agree to cease business and that API's exclusion of sellers from the market constitutes a per se violation of the antitrust laws. API counters that Bullseye did not raise this defense in its answer and that, in any event, 15 U.S.C. § 1115(b)(7) does not in fact strip a trademark owner of his trademark. API also argues that Bullseye's antitrust defense is without merit as a matter of law.

The court does not now resolve this legal issue. It does take into account, however, that Bullseye did not clearly in its answer alert API to an antitrust defense. Bullseye's later answers to interrogatories described alleged misconduct by API in prior trademark enforcement actions to extract agreements from engine oil manufacturers to stop selling their oil, but Bullseye also did not clearly indicate there an antitrust defense to infringement. Because of the relatively late-breaking disclosure of an antitrust defense, the court will limit the discovery that must be provided before the preliminary injunction hearing. The court does not foreclose the possibility that API could be required to provide additional discovery after the preliminary injunction issues are decided.

## Discovery Disputes

API's motion for protective order concerns four issues: (1) API's intention to present some evidence via affidavits at the preliminary injunction hearing; (2) Bullseye's intention to call API's lawyers as witnesses at the preliminary injunction hearing or seek their depositions in advance of the hearing;[1] (3) Bullseye's discovery requests regarding API's assertion of trademark rights against other alleged infringers; and (4) documents about a man named Randy Wegner.

### Evidence by Affidavit

API seeks a ruling that it may use affidavits at the preliminary injunction hearing to present testimony by certain persons regarding their purchases of engine oils marketed and sold by Bullseye. The court GRANTS that request. *See* Fed. R. Civ. P.43(c). However, API must serve copies of the affidavits on Bullseye in advance of the hearing and no later than the close of business on **Tuesday, April 8, 2014.**

### Testimony by API's Lawyers

The court enters a protective order that Bullseye may not call API's lawyers as witnesses at the preliminary injunction hearing. Bullseye contends it may need testimony from these lawyers in furtherance of Bullseye's proof of heavy-handed tactics by API in other trademark infringement suits or threats of suit. Bullseye wants the lawyers' testimony because "API's counsel *personally negotiated and*

---

[1] Bullseye states that it has not subpoenaed and will not subpoena the lawyers for deposition before the preliminary injunction hearing. The court accepts this representation and DENIES as moot API's request for a protective order relating to depositions of their lawyers.

***signed*** agreements excluding others from the oil market, which agreements were *per se* violations of antitrust laws that render API's trademarks unenforceable." Dkt. 55 at p. 3 (emphasis in original).

The court finds that the lawyers' testimony is not reasonably necessary at the preliminary injunction hearing. Bullseye has, and had, other appropriate avenues for obtaining evidence regarding the subject agreements. It could have conducted a Rule 30(b)(6) deposition of API before the preliminary injunction hearing. Under the circumstances, it is an oppressive and unnecessary tactic to elicit evidence at the hearing from API's trial lawyers regarding the agreements. *See United States v. Dack,* 747 F.2d 1172, 1176 n.5 (7th Cir. 1984) (when evidence is easily available from other sources, attorneys who participate in case should not be called as witnesses absent "extraordinary circumstances" or "compelling reasons"). *See also Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986) (forbidding deposition of opposing trial counsel unless there is no other means to obtain the information sought and the information is relevant, "crucial," and not privileged).

However, API must stipulate to the authenticity of the subject agreements or produce a witness at the hearing who can provide testimony that establishes their authenticity. The parties will be permitted the opportunity to make whatever legal arguments they believe flow from the fact of and contents of the agreements. The court does not foreclose API from arguing that the agreements are not relevant and should not be considered by the court in adjudicating API's motion for preliminary injunction.

5

### Other Trademark Enforcement Activities

1. *Tailor Made* Litigation

Tailor Made is an entity that entered into an agreement with API to stop selling motor oil for a period of time as part of the settlement of trademark infringement litigation brought by API. Bullseye has requested all documents concerning API's litigation against Tailor Made and its principals, Bill and Rebecca Selkirk. The court finds that so long as API stipulates to the authenticity of the settlement agreement it entered in the Tailor Made litigation, no additional discovery of documents concerning that litigation from API is reasonably necessary in conjunction with the hearing on preliminary injunction.

2. Other Documents Requesting a Third Party to Stop Selling Motor Oil

API states that it has produced to Bullseye five consent injunctions it obtained against persons it accused of trademark infringement over the last five years, two of which contain a term requiring the person accused of infringement to exit the engine oil field. API also represents that these are the only trademark enforcement matters that API initiated against engine oil manufacturers in that five-year period. Based on these representations, the court finds that additional discovery of "all" documents related to requests to stop selling motor oil is not reasonably necessary in conjunction with the hearing on preliminary injunction.

### Documents Relating to Randy Wegner

Randy Wegner is a person who has acted as a "tipster" to API, alerting API about sales of motor oils that do not meet APIs' standards but are labeled in a

manner indicating to the public that they do. Bullseye believes that Mr. Wegner may have provided to API a quart of Bullseye brand oil which Mr. Wegner adulterated. API represents to the court that Mr. Wegner has provided no information or documents to API about Bullseye. Neither API nor Bullseye has listed Mr. Wegner as a witness for the preliminary injunction hearing. Based on API's representation and the fact that neither party intends to call Mr. Wegner, the court finds that documents relating to Randy Wegner are not discovery reasonably necessary for the preliminary injunction hearing.

## Conclusion

API's motion for protective order (Dkt. 52) is GRANTED on the terms contained in this Order.

So ORDERED.

Date: 04/04/2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

All ECF-registered counsel of record via email generated by the court's ECF system