# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01112-TWP-DML |
| ) | |
| BULLSEYE AUTOMOTIVE PRODUCTS ) | |
| INC., BULLSEYE LUBRICANTS INC., and ) | |
| CARLOS SILVA, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendant Carlos Silva's ("Mr. Silva") Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 26). Plaintiff American Petroleum Institute ("API") brought claims of trademark infringement, counterfeiting, trademark dilution, false advertising, and unfair competition under federal, state, and/or common law against Bullseye Automotive Products Inc. and Bullseye Lubricants Inc. (collectively, "Bullseye"), and Mr. Silva individually. Mr. Silva asks the Court to dismiss the claim against him personally under Federal Rule of Civil Procedure 12(b)(2). For the reasons set forth below, Mr. Silva's Motion is **GRANTED**.

### I.     BACKGROUND

Bullseye is an Illinois corporation that bottles and sells motor oil, and whose sole incorporator and shareholder is Mr. Silva. API is a trade association for the petroleum and natural gas industries located in the District of Columbia. API sets industry standards for engine oil and certifies manufacturers' compliance with those standards through its voluntary *Engine Oil Licensing and Certification System* ("Certification Program"). As part of the Certification

Program, API tests manufacturers' engine oil to ensure that it meets specifications developed by API. If the oil meets API specifications, the manufacturer is allowed to place API's certification mark on its product. API claims that Bullseye's labeling infringes on API's "Starburst" and "Donut" certification marks, and it has never been part of the Certification Program, nor does it meet API's certification standards.

Bullseye does not contest jurisdiction in this Court, but Mr. Silva moves to dismiss the claims against him for lack of personal jurisdiction under Rule 12(b)(2). API argues that the Court has personal jurisdiction over Mr. Silva because he personally directed the alleged infringing and false labeling of the engine oil; he exercises complete control over Bullseye; and he and Bullseye are essentially the same entity for jurisdictional purposes. API also argues that if the Court does not exercise its jurisdiction over Mr. Silva he will be able to "evade personal responsibility on jurisdictional grounds, leaving all liability to fall on his undercapitalized, asset-poor co-defendant." Dkt. 34 at 2.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. After the defendant moves to dismiss under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The extent of plaintiff's burden is dependent upon the method in which the court determines the issue of personal jurisdiction. *Id.* Where, as here, the court determines personal jurisdiction based only on reference to submissions of written materials, the plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is

entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010). If the defendant has submitted evidence in opposition to the court's exercise of jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 782–83.

## III. DISCUSSION

### A. Personal jurisdiction cannot be based on "alter ego" theory

API argues that the Court has personal jurisdiction over Mr. Silva because he directed Bullseye's operations; in particular, he personally made the decision to include the allegedly infringing marks on Bullseye's products. API does not argue that Mr. Silva personally has sufficient contacts with Indiana for the Court to exercise personal jurisdiction; rather, it argues that the personal jurisdiction of Bullseye is imputed to Mr. Silva. To support its position that the Court has jurisdiction over Mr. Silva individually, API essentially argues that Bullseye is Mr. Silva's alter ego over which he exercises complete control, and he is able to engage in trademark infringement and false advertising through Bullseye. However, API is unable to cite any appellate authority to support its position that a court should disregard the corporate form and exercise jurisdiction over an individual corporate owner under circumstances similar to this case.

As acknowledged by API, generally a corporation and its shareholders are separate legal entities for liability and jurisdiction purposes. "A corporation exists separately from its shareholders, officers, directors and related corporations, and those individuals and entities ordinarily are not subject to corporate liabilities. . . . Indeed, one of the primary purposes of incorporation is to limit liability." *Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 610 (7th Cir. 2009) (citing *Fontana v. TLD Builders, Inc.*, 840 N.E.2d 767, 775 (2005)). Personal

3

jurisdiction cannot be premised upon corporate affiliation or stock ownership alone where corporate formalities are substantially observed, and ownership, without more, is not a sufficient minimum contact for purposes of establishing personal jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000). API's argument that Bullseye is the "alter ego" of Mr. Silva due to the disregard of corporate formalities fails to clear the personal jurisdiction hurdle, as jurisdiction and liability are two separate inquiries. "The fact that a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised." *Id.* at 944. Thus, the Court must analyze whether it has personal jurisdiction over Mr. Silva separate and apart from Bullseye, and cannot rely upon the Court's jurisdiction over Bullseye to establish jurisdiction over Mr. Silva personally. *See id.* ("Each defendant's contacts with the forum State must be assessed individually.") (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984)).[1]

**B.      Mr. Silva has insufficient contacts with the State of Indiana**

The Court must undertake a two-step analysis in order to determine whether it has jurisdiction over Mr. Silva individually. First, the exercise of personal jurisdiction must comport with the state's long-arm statute, and second, it must comport with the Due Process Clause of the Constitution. *Purdue*, 338 F.3d at 779. Indiana's long-arm statute, Indiana Trial Rule 4.4(A), reduces the analysis of personal jurisdiction to the issue of whether the exercise of personal

---

[1] It is unnecessary for the Court to make an extensive inquiry into whether Bullseye is the "alter ego" of Mr. Silva due to its lack of relevancy to the question of personal jurisdiction; however, the Court does note that many of the arguments API makes in support of this position—Mr. Silva "personally selected" the text and design for Bullseye's labels, his decision not to test Bullseye's oil, personally negotiating with suppliers and overseeing production, etc.—do not support an "alter ego" theory, as these are activities that must necessarily be carried out by the sole shareholder of a small corporation. To find that a small corporation is the alter ego of a sole shareholder merely because that shareholder must act on behalf of the company to carry out its business would go against the basic principles of corporation law. However, the Court provides no opinion on this issue, as it is irrelevant to the outcome of this motion.

4

jurisdiction is consistent with the federal Due Process Clause; thus, the Court need only to consider the second step of the analysis. *Wine & Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930, 938 (S.D. Ind. 2012) (citing *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006)).

Due process requires that the defendant have certain "minimum contacts" with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The extent of the contacts determines whether the court has general or specific jurisdiction. Because API has not alleged that Mr. Silva's contacts with Indiana are "sufficiently extensive and pervasive to approximate physical presence" such that general jurisdiction would apply, API must show that the Court has specific jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). Specific jurisdiction exists "for controversies that arise out of or are related to the defendant's forum contacts." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). It "requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there." *LinkAmerica*, 857 N.E.2d at 967 (citation omitted).

The evidence and allegations put forth by API are not sufficient for the Court to find that Mr. Silva, as an individual, deliberately targeted Indiana or otherwise purposefully availed himself to its laws. All of the actions API alleges Mr. Silva to have taken were done in his capacity as shareholder of Bullseye, and acting on behalf of Bullseye. Mr. Silva himself has not otherwise "purposefully availed himself of the privilege of conducting business" in Indiana, nor has he purposefully directed his activities at the State of Indiana. There can be no alleged injury arising from Mr. Silva's activities because he personally has no forum-related activities, only Bullseye. Finally, exercising jurisdiction over Mr. Silva based upon the actions of Bullseye—a

separate legal entity—would not comport with traditional notions of fair play and substantial justice. *See Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

The Court concludes that Mr. Silva does not have sufficient contacts with Indiana to satisfy the requirements of Indiana's Long-Arm statute, nor would he have had a reasonable expectation of being haled into court in Indiana solely based upon his ownership and actions taken on behalf of Bullseye; therefore, the Court does not have personal jurisdiction over Mr. Silva. *See Central States*, 230 F.3d at 944 ("[O]wners do not reasonably anticipate being haled into a foreign forum to defend against liability for the errors of the corporation.").

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it does not have personal jurisdiction over Mr. Silva. Therefore, Mr. Silva's Motion to Dismiss (Dkt. 26) is **GRANTED** and API's claims against Mr. Silva are **DISMISSED** without prejudice.

**SO ORDERED.**

Date: 04/07/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

B. Brett Heavner
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, L.L.P.
b.brett.heavner@finnegan.com

John Michael Bradshaw
OVERHAUSER LAW OFFICES, LLC
jbradshaw@overhauser.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

6